IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-30727
_____


PHILLIP ALLEN,

                                            Plaintiff-Appellant,

                    versus

TEXACO, INC.,

                                            Defendant-Appellee.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 99-CV-1456-R)
_____
May 15, 2002


Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

        Plaintiff-Appellant Phillip Allen appeals the district court's order granting

summary judgment on his suit for negligence against Texaco. We AFFIRM the

decision of the district court for the reasons provided by that court.

---

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With respect to Allen's argument that the district court erroneously placed the burden on him to negate the "borrowed servant" affirmative defense, the court does not appear to have done so. The court never stated that Allen would bear the burden of proof on the borrowed servant issue at trial, and correctly stated the law relating to burden of proof issues. Rather than finding that Allen failed to put forth evidence on the borrowed servant issue, the court concluded that "the facts overwhelmingly support a finding that plaintiff was Texaco's borrowed employee." The record supports this conclusion.

Though not discussed by the parties or the district court, we also note that generally under this Court's precedent, a contractual provision like §1(D) of the Master Work Agreement creates an issue of material fact on the borrowed servant issue.[1] However, the undisputed facts relating to the other borrowed servant factors[2] point so strongly toward a borrowed servant relationship that summary judgment was appropriate despite contract language purporting to limit Texaco's control over Allen.[3]

---

[1] Alday v. Patterson Truck Line, Inc., 750 F.2d 375, 378 (5th Cir. 1985).

[2] Ruiz v. Shell Oil Co., 413 F.2d 310, 312-13 (5th Cir. 1969) (identifying the factors that courts should typically look to in determining whether an employee is a borrowed servant).

[3] Alday, 750 F.2d at 379 (citing Gaudet v. Exxon Corp., 562 F.2d 351, 358-59 (5th Cir. 1977)). The Court also notes that the Master Work Agreement in the present case did not as strongly disavow the intent to create a borrowed servant relationship as did the contract at issue

AFFIRMED.



in <u>Alday</u>, or in a similar case, <u>West v. Kerr-McGee Corp.</u>, 765 F.2d 526, 531 (5th Cir. 1985).